UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEORGE LESTER AVERY, | ) | Case No. 01-28602 EEB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ——————————————— | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| ODIE LARREL KENNEDY, | ) | Case No: 06-16033 EEB |
| KORI LEIGH KENNEDY, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| ——————————————— | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| WILLIAM T. CARR, | ) | Case No: 11-30256 EEB |
| CATHERINE A. CARR, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| ——————————————— | ) | |

**REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASES TO THE
UNITED STATES DISTRICT COURT FOR CONSIDERATION OF SANCTIONS,
INCLUDING CRIMINAL CONTEMPT, AGAINST SHARIANN SUMMERRAIN AS A
BANKRUPTCY PETITION PREPARER**

THIS MATTER comes before the Court on the United States Trustee's Motion for Entry of a Report and Recommendation and an Order Certifying this Matter to the United States District Court for Consideration of Further Sanctions, Including Criminal Contempt, Against Shariann Summerrain and Todd Brewer as Bankruptcy Petition Preparers ("Motion to Certify"). For the reasons set forth below, the Court certifies these cases to the District Court and recommends the imposition of criminal contempt sanctions against petition preparer Shariann Summerrain.[1]

---

[1] The Court is not certifying these cases to the district court as to petition preparer Todd Brewer as it would be premature to do so. To date, no sanction orders have entered specifically against Mr. Brewer. By separate order, this Court has directed the United States Trustee to first file Motions for Sanctions against Mr. Brewer for violations of 11 U.S.C. § 110 in the appropriate cases.

1.    **Background**

Shariann Summerrain, ("Summerrain"), is a resident of Divide, Colorado providing bankruptcy petition preparation services in the Colorado Springs metropolitan area.[2]  Todd Brewer ("Brewer") is Summerrain's husband and has executed disclosures in a number of bankruptcy cases acting as a bankruptcy petition preparer in those cases.

a.    **The Avery Bankruptcy**

Summerrain's activities as a bankruptcy petition preparer were first brought to this Court's attention in *In re George Lester Avery*, Case No. 01-28602 EEB ("*Avery"),* a chapter 7 case filed on December 28, 2001. On January 8, 2002, Mr. Avery filed a letter with the Court seeking an extension of time to submit proof of payment of the filing fee in his case.  That letter raised issues about whether or not Summerrain had complied with the provisions of 11 U.S.C. § 110.[3]  On February 7, 2002, the Court issued a *sua sponte* Order to Show Cause to Summerrain, doing business as Independent Paralegal Associates, why she should not be sanctioned for failing to comply with the provisions of §110.  Summerrain's response to that Order raised additional issues under § 110, causing the Court to issue an Order referring the case to the United States Trustee's Office for further investigation.

The United States Trustee ("UST") filed a motion citing numerous violations of § 110. On June 17, 2002, the Court issued an Opinion ordering Summerrain to pay a fine of $1,000 to the Clerk of the Court for her violations of §110 and to file an affidavit of payment within thirty days ("Avery Sanctions").  *In re Avery*, 280 B.R. 523 (Bankr. D. Colo. 2002).  The Order also directed the Clerk of the Bankruptcy Court to apply $200.00 of $1,000.00 fine to Mr. Avery's filing fee based on the evidence before the Court that Mr. Avery had given his filing fee to Summerrain, but she had not turned it over to the Court.  The Avery Sanctions were based on Summerrain's violations of: (1) 110(b)(1)[4] - failure to properly disclose that she was a petition preparer; (2) §§ 110(c)(1) & (2) - failure to list her Social Security Number on documents

_____

[2]  11 U.S.C. § 110 was substantially reorganized, renumbered and amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  Although the per-violation fine for violating any provision of § 110 did not change, BAPCPA added new categories of mandatory and prohibited conduct for bankruptcy petition preparers not contained in the pre-BAPCPA version of that section.  In addition, BAPCPA added a treble damages provision for certain violations of § 110 that was not present in the pre-BAPCPA § 110.  The sanctions against Ms. Summerrain in *In re Avery* were entered pre-BAPCPA.  Both *In re Kennedy* and *In re Carr* are post-BAPCPA cases.  Although available to the Court, the Court did not enter any additional sanctions in *Kennedy* based on the amendment of § 110 by BAPCPA.

[3]  Unless otherwise specified, all references to "Section" or "§" mean the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

[4]  The citations in this paragraph are to the pre-BAPCPA version of 11 U.S.C. §110.

prepared by her; (3) § 110(d)(1) - failure to timely provide Mr. Avery with copies of the documents prepared and filed in his case; and (4) § 110 (g)(1) - improper handling of the filing fee. The Order also warned Summerrain that failure to pay the $1,000 in a timely manner might result in an order requiring payment of the full $7,500 sanction that could be imposed under § 110.

    b.    **The Summerrain and Brewer Bankruptcies**

On May 17, 2002, Summerrain and Brewer filed a *pro se* chapter 7 petition, Case No. 02-17445 EEB ("First Bankruptcy"). The Avery Sanctions were not stayed by the First Bankruptcy because § 362(b)(4) excepts police and regulatory actions from the automatic stay. In addition, the Avery Sanctions are non-dischargeable pursuant to § 523(a)(7). On July 15, 2002, Summerrain filed a "response" to the Avery Sanctions in *Avery* disclosing that she and Brewer had filed Case No. 02-17445 EEB, but did not pay the required $1,000 fine. Since the Avery Sanctions were not impacted by the bankruptcy filing, no action was taken on the response. Summerrain and Brewer received a general discharge in their chapter 7 case on September 20, 2002.

On June 9, 2003, Summerrain and Brewer filed a voluntary chapter 13 bankruptcy, Case No. 03-21178 EEB ("Second Bankruptcy"). Summerrain and Brewer were represented in the Second Bankruptcy by Thomas Comcowich, an attorney in Leadville, Colorado. The UST filed an objection to confirmation and a motion to compel Summerrain and Brewer to file amended schedules and an amended statement of financial affairs premised, in part, on the failure to list the Avery Sanctions as debts. On July 19, 2003, Amended Schedules and an Amended Statement of Financial Affairs were filed by Summerrain and Brewer (the same day as the Court entered an order compelling the filing of these documents). A second Amended Statement of Financial Affairs and Schedules were filed by Summerrain and Brewer on July 28, 2003, with further amendments to the their Schedule J being filed on September 20, 2003. Over the course of the case, six chapter 13 plans were filed.[5] None of the proposed chapter 13 plans were confirmable based on Summerrain and Brewer's "failure to devote all of their disposable income to their plan and their improper classification of non-dischargeable debts, including the Avery sanctions and student loans, as priority rather than general unsecured debts." (Case No. 03-21178 EEB, Docket #63, p. 2, ¶ 16).

The Standing Chapter 13 Trustee objected to confirmation of each proposed plan and moved to dismiss the Second Bankruptcy three times - the first time for failing to advance a plan to confirmation, the second for failing to make plan payments and the third for failing to propose a confirmable plan. Ultimately, confirmation of the fourth amended plan was denied and the third motion to dismiss was granted on April 6, 2004.

---

[5] The original plan filed with the petition was followed by a "corrected" plan and four amended plans.

Twenty-one days later, on April 27, 2004, Summerrain and Brewer filed a second chapter 13 case, Case No.04-18720 EEB ("Third Bankruptcy").  The Third Bankruptcy was dismissed on the Standing Chapter 13 Trustee's motion on July 7, 2004 without a chapter 13 plan having been filed in the case.  Although Summerrain might have been able to propose a confirmable Chapter 13 plan in either the Second or Third Bankruptcy that paid the Avery Sanctions, she failed to do so.[6]  Accordingly, the Avery Sanctions remain outstanding.

### c.   **The Kennedy Bankruptcy**

On September 1, 2006, Odie Larrel Kennedy and Kori Leigh Kennedy ("Kennedys"), filed a voluntary chapter 7 petition, Case No. 06-16033 EEB ("*Kennedy*").  Summerrain filed her Disclosure of Compensation of Bankruptcy Petition Preparer on September 1, 2006, as well, disclosing that "A Law Solution, Inc./Shariann Summerrain" had charged the Kennedys $500 to prepare documents for filing in their bankruptcy case. (Case No. 06-16033 EEB, Docket #6).

On October 6, 2006, the UST filed a motion in *Kennedy* seeking the imposition of sanctions against Summerrain under the BAPCPA version of § 110.[7]  Summerrain filed her response on November 20, 2006.  Although Summerrain appeared at the preliminary hearing on the UST's motion, she failed to appear at the final hearing on April 17, 2007.  Accordingly, the Court deemed Summerrain's response to have been withdrawn and entered a default and a default judgment on the UST's motion and imposed further sanctions on Summerrain ("Kennedy Sanctions").

The Court's April 24, 2007 Opinion ("Kennedy Opinion," Docket #46), contained a lengthy discussion of Summerrain's history with the Court and found, in part, that Summerrain had not paid the Avery Sanctions, that the Avery Sanctions had not been discharged in Summerrain's various bankruptcy cases and that cause existed to impose additional sanctions. The Kennedy Opinion:

(a)   increased the Avery Sanctions from $1,000 to $7,500 for non-compliance with the Court's orders, as was contemplated by the *Avery* Opinion.  *Avery*, 280 B.R. *at* 533;

---

[6] Civil fines, penalties and forfeitures which are non-dischargeable debts in a Chapter 7 case may be dischargeable in a Chapter 13 case. *See, In re Games,* 213 B.R. 773, 776-77 (Bankr.E.D.Wash.1997).  However, Chapter 13 plans which discriminate in favor of paying non-dischargeable general unsecured claims are subject to objection as having not been proposed in good faith, as required by 11 U.S.C. § 1325(a)(3), and for unfair discrimination in favor of the "sanctions" creditor. *See, In re Gallipo*, 282 B.R. 917, 919 - 23  (Bankr.E.D.Wash.2002).

[7] BAPCPA, including the extensive amendments to § 110, became applicable to all cases filed on or after October 17, 2005.

(b)       warned Summerrain that she might be subject to further sanctions if she failed to pay the Avery Sanctions, as modified by the Kennedy Opinion;

(c)       ordered Summerrain to disgorge the $500 charged to the Kennedys to them as "excessive" pursuant to § 110(h)(2);

(d)       ordered Summerrain to pay an additional $500 sanction to the United States Trustee Program in accordance with § 110(l)(4)(A) for her use of the word "law" in her trade name in violation of §110(f)(1);

(e)       ordered Summerrain to "[i]mmediately cease and desist from acting as a bankruptcy petition preparer in the District of Colorado" as permitted by the provisions of § 110(j)(2)(A) due to her failure to comply with the Court's order in *Avery*; and

(f)       ordered Summerrain to file a certification that the sanctions ordered by the Court had been paid within 35 days of the date of the order.

All of the sanctions issued in the *Kennedy* case are referred to collectively as the "Kennedy Sanctions". On May 24, 2007, Summerrain filed a Motion to Comply and Application for Installment Payments certifying that she had stopped using the name A Law Solution and had ceased acting as a petition preparer, and requesting that the Court allow her pay the Avery Sanctions and Kennedy Sanctions by making monthly payments of $100. As reflected in the Minutes of Proceeding of the July 31, 2007 hearing on her motion (Docket # 57), this Court ordered Summerrain to pay the fine in monthly installments of $ 250, "failing which the fine may be collected in full." Summerrain made a single $250 payment on September 4, 2007. No further payments were made.

   d.    **Brewer as a Bankruptcy Petition Preparer**

   Brewer, using the names Todd Michael Brewer, Todd M. Brewer and Todd Brewer, began appearing as the bankruptcy petition preparer of record in bankruptcy cases in late 2006. According to PACER, the first such case was *In re Dorothea Anne King*, Case No. 06-17054 EEB, in which Brewer filed a Disclosure of Compensation of Bankruptcy Preparer ("Disclosure") on October 6, 2006, the same day the UST filed his motion for sanctions in *Kennedy*. The Disclosure shows that Brewer was paid $800 to prepare the bankruptcy forms in Ms. King's Chapter 13 case. Brewer listed his address as 223 Worley Road, but did not list a city, state or zip code. He also did not disclose a trade name. Handwritten on Brewer's Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer in *King*, however, below the Worley Road address is "Divide, Colorado 80814." Based upon Brewer's representations to the Court at a hearing in the *Kennedy* case on July 21, 2011, and various pleadings filed by Summerrain, Brewer and the UST, it appears that 223 Worley Road is Summerrain's and Brewer's residence.

5

Brewer has subsequently used trade names and other addresses in other cases in which he provided bankruptcy preparation services. For example, in *In re Langford,* Case No. 07-16610 ABC, Brewer used the trade name, "A Bankruptcy & Divorce Center/Todd Brewer." In *In re Larry Peter Wismer and Stephanie Marie Wismer,* Case No. 07-15598 ABC, he used the name "Todd Brewer LLC/Todd Brewer." The most recent case in which Brewer is listed as the Petition Preparer is *In re Bussell*, Case No. 11-33034 ABC, filed September 29, 2011. In *Bussell*, he lists his address as "2029 Bijou St., Colorado Springs, CO 80909" and the name "A Bankruptcy & Divorce Center, Inc./Todd Brewer." All told, a PACER query lists Brewer, with all his name variations, as a "party" in 243 cases, including 239 cases in which he is listed as a "Petition Preparer."

     e.    **Additional proceedings in *Kennedy***

On January 25, 2011, the UST filed a Motion to Reopen the *Kennedy* case seeking a contempt order and other sanctions against Summerrain. More specifically, the Motion to Reopen alleged, in part, that:

    8.    . . . The UST has recently been informed that Summerrain is doing business as A Bankruptcy & Divorce Center, Inc., ("AB&DC"), and that her husband, Todd Brewer is also active in that business. Summerrain therefore appears to be in contempt of the injunctive portions of the court's April 24, 2007 order as well.

    9.    More specifically, on October 11, 2010, William and Catherine Carr, (the"Carrs"), contacted AB&DC and signed an agreement, a copy of which is attached as Exhibit "B." That agreement states, in pertinent part, "We will prepare your Bankruptcy Forms for filing in the United States Bankruptcy Court." This language brings AB&DC's actions within the scope of 11 U.S.C. § 110 because, AB&DC is "a person, other than an attorney for the debtor, or an employee of such attorney . . . who prepares for compensation a document for filing [in a bankruptcy matter]." 11 U.S.C. § 110(a)(1). The document prepared need not actually be filed with a court having bankruptcy jurisdiction for a person to be a bankruptcy petition preparer. *In re Duran,* 347 B.R. 760 (Bankr.D.Colo.2006). Thus, it appears that Summerrain is in violation of this Court's April 24, 2007 injunctive order precluding her from acting as a bankruptcy petition preparer.

    10.    On October 11, 2010, the Carrs paid AB&DC $200 and obtained a receipt signed by an individual who was identified to them as Todd Brewer. On October 23, 2010 the Carrs paid a second installment of $200 to AB&DC and received a receipt which was signed by an individual identified to them as Sherriann [sic] Summerrain. Copies of these receipts, with Ms. Carr's notations, are attached as Exhibit "C."

After granting the Motion to Reopen, the Court received a handwritten letter from the Carrs ("Carr Letter"), which referenced the Court's orders in *Avery* and *Kennedy* by case number and the injunctive relief which had entered against Summerrain in *Kennedy*. The Carr Letter

stated that the Carrs had paid $400 to Summerrain and Brewer for bankruptcy petition preparation services. The Carr Letter further alleges that the Carrs did not receive either the documents that were to be prepared, a refund of the fee paid or return of the documents that they gave to A Bankruptcy & Divorce Center ("AB&DC") in order for that company to prepare their bankruptcy documents. In addition, the Carr Letter indicates that: (1) "Sheriann (*sic.*) Summerrain"and Todd Brewer were doing business as AB&DC in Colorado Springs; (2) Summerrain answered the phone at that business; (3) the Carrs had only spoken with Brewer twice in their 2 ½ month-long effort to obtain the documents they had paid AB&DC to prepare; and (4) "for our Bankruptcy matter Sherriann (*sic.*) was doing it."[8]

On March 2, 2011, the UST filed a motion for sanctions against Summerrain seeking additional sanctions against her for the alleged violations of the injunction entered in *Kennedy* and her failure to pay the Avery and Kennedy Sanctions. The motion alleged that Brewer was a mere "front" for Summerrain to allow her to evade the *Kennedy* injunction. On March 3, 2011, the Court issued an Order directing Summerrain to show cause in writing on or before March 21, 2011, why she should not be sanctioned for violating the *Kennedy* injunction, failure to pay the Avery and Kennedy Sanctions, and continued violations of § 110. By separate order, the Court also set an April 11, 2011 hearing on the UST's Motion for Sanctions.

Summerrain failed to appear for the hearing. The Court's Minute Order from that hearing states:

> Ms. Summerrain failed to appear. Given her failure to appear and/or respond to the Trustee's Motion for an Order to Show Cause, the Court accepted the facts as presented in the Motion. Mr. Swift and the Carrs advised the Court that Ms. Summerrain is continuing her petition preparing activities in violation of this Court's previous order, through her husband, Todd Brewer. By separate order this Court will issue an Order to Show Cause to Todd Brewer at 223 Worley Road, Divide, Colorado 80814. In due course, the United States Trustee may file with the Court an appropriate status report or motion suggesting an appropriate sanction.

On April 13, 2011, the Court issued an Order for Response and to Show Cause requiring Brewer to respond to the UST's allegations against him in the Motion for Sanctions and to show cause on or before May 6, 2011 why he should not be held in violation of § 110. On June 1, 2011, the Court issued an Amended Order for Response and to Show Cause setting a June 29, 2011 response date. Brewer's response to the Amended Order to Show Cause simply disclaimed any knowledge of the offers of proof made at the April 11, 2011 hearing and *Kennedy* case,

---

[8] Because the Court's receipt of the Carr Letter preceded their bankruptcy filing, the letter was docketed in *Kennedy*. The Carr's chapter 7, Case No. 11-30256 EEB, was subsequently filed on August 25, 2011 by Stephen Swift, Esq. The Carrs received their general discharge on January 4, 2012.

stating: "I believe you have the wrong person." The response did not address the allegations in the motion for sanctions as directed.

The Court held a hearing on the Order to Show Cause and Brewer's response on July 21, 2011. Brewer and the UST made arguments to the Court, and Brewer also informed the Court that mail for Summerrain and for him should be sent to the Worley Road address. As a result of the hearing, the Court Ordered the UST to file allegations against Brewer specifically in the applicable cases and issued another order requiring Summerrain to show cause why she had failed to appear for the April 11, 2011 hearing, which was mailed to the Worley Road address, among others.

On December 30, 2011, the UST filed the Motion to Certify in *Carr*, along with a memorandum brief. On January 3, 2012, the Court issued a Notice of UST's Motion to Withdraw the Reference, setting a response date of January 17, 2012. The BNC Certificate of Notice shows that the Notice was mailed to Summerrain and Brewer at three different addresses, including the Worley Road address. No response was filed to the Motion to Withdraw the Reference. On January 26, 2012, the Court directed the Clerk to certify the record in this matter to the District Court.

2.     **Basis for Referral to the District Court**

Summerrain is not responsive to this Court's orders and consistently fails to appear for hearings before this Court. Almost ten years have passed since this Court issued its order in *Avery* and Summerrain has yet to pay the Avery Sanctions. For five years after the Avery Sanctions entered, Summerrain openly continued to practice as a bankruptcy petition preparer under the trade name "A-Law Solutions, Inc." in blatant violation of the prohibitions of § 110(f)(1), for which she was also sanctioned in *Avery*. Despite having sought and been granted the right to pay the Avery and Kennedy Sanctions in installments, Summerrain failed to make more than one payment of $250.

Further, Summerrain has continued to perform services as a petition preparer using her husband, Brewer, as a front for her actions, in violation of the *Kennedy* injunction. Summerrain's continued violations of both § 110 and the *Kennedy* injunctions is amply demonstrated by the undisputed evidence provided to the Court and the UST by the Carrs. Summerrain signed the receipt for the Carr's second $200 payment for document preparation ostensibly to be done by Brewer, answered the phone for AB&DC, and was the person working on their case. The exhibits to the Motion to Certify demonstrate that Summerrain and Brewer shared the office where the Carrs went to have their bankruptcy documents prepared by AB&CD. Exhibit F to the Motion to Certify contains pictures taken by Mrs. Carr outside AB&CD's office showing wall plaques for "Shariann Summerrain LLC" and "Bankruptcy Paralegal Solutions," and Exhibits E and F contain several pictures taken by Ms. Carr at AB&CD's office showing a handwritten note stating "We have moved to 2220 E. Bijou," followed by telephone numbers for "Todd" and "Shariann" and signed "Shariann & Todd."

The recalcitrance and unresponsiveness of Summerrain is contemptuous.  Because of her pattern of ignoring and failing to comply with this Court's orders, it is clear that the imposition of further civil sanctions would be a useless exercise.  Summerrain's actions rise to the level of criminal contempt of this Court's orders and should be met by criminal sanctions.

As an Article I court with limited jurisdiction and resources, this Court lacks the ability to impose the same range of possible sanctions as can be imposed by the district court.  This Court has the ability to sanction a party for civil contempt.  *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990).  But whether this Court also has the authority to impose sanctions for criminal contempt is questionable.  At one point, the U.S. Code expressly prohibited bankruptcy courts from exercising such authority.  *See Celotex Corp. v. Edwards*, 514 U.S. 300, 328 n.15 (1995)(Stevens, J. dissenting)("Congress also limited the power of bankruptcy courts to "punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment"").  28 U.S.C. § 1481, which contained this prohibition, was repealed in 1984, and no comparable provision has been enacted.[9]  The Tenth Circuit has not yet ruled on this issue.  Although it found that the bankruptcy court has jurisdiction to threaten incarceration as a remedy for civil contempt, the Tenth Circuit expressly declined to address the question of whether § 105 provides bankruptcy courts with the authority to enter criminal sanctions for contempt.  *In re Skinner*, 917 F.2d 444, 447 n.2 (10th Cir. 1990).

The two Courts of Appeal that have ruled on this issue have both held that bankruptcy courts do not possess criminal contempt authority.  *Price v. Lehtinen*, 564 F.3d 1052, 1059 (9th Cir. 2009)(bankruptcy court lacks inherent authority to impose punitive sanctions, in part because it cannot provide the due process protections to which a criminal defendant is entitled, such as jury trial); *Griffith v. Oles*, 895 F.2d 1503, 1515 (5th Cir. 1990)(§105 does not authorize bankruptcy courts to punish criminal contempt committed outside the court's presence).  While not expressly ruling on the issue, two other circuits have also called the bankruptcy court's ability to impose criminal contempt sanctions into question.  *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001)(noting that although district court may hold a party in criminal contempt, it is unclear whether bankruptcy judges have criminal contempt power); *In re Rager*, 3 F.3d 1174, 1178-79 (8th Cir. 1993)(declining to reach the issue of whether bankruptcy courts can enter their own criminal contempt judgments, subject to review only by appeal, but upholding bankruptcy court's order holding an attorney in criminal contempt because the order did not go into effect immediately, but instead provided for de novo review by the District Court if the attorney filed an objection within 10 days).  In addition, the Supreme Court held in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 70 n.24 (1982), that the public rights doctrine, which allows matters to be removed from the jurisdiction of Article III courts, does not extend to criminal matters.

---

[9] The legislative history does not indicate why this provision was repealed.

9

3.     **<u>Conclusion</u>**

It is recommended that the District Court withdraw the reference in this matter for the purpose of enforcing the court's orders in *Avery* and *Kennedy* and to ensure that Summerrain complies with the mandates of 11 U.S.C. § 110.

DATED: March 20, 2012.

BY THE COURT:

Elizabeth E. Brown,
United States Bankruptcy Judge