IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00229-WYD

IN RE: GEORGE LESTER AVERY,

    Debtor,

IN RE: LARREL KENNEDY and
KORI LEIGH KENNEDY,

    Debtors,

IN RE: WILLIAM T. CARR and
CATHERINE A. CARR,

Debtors.

**ORDER AND ADMINISTRATIVE CLOSURE**

I.    <u>INTRODUCTION</u>

This matter came before the Court for a status conference on June 28, 2013. By way of background, on March 23, 2012, I granted the United States Trustee's Motion for the Withdrawal of the Reference of this matter and transferred consideration of further sanctions against Shariann Summerrain from the United States Bankruptcy Court to the United States District Court. The Bankruptcy Court issued a Report and Recommendation, which both detailed the lengthy case history and asserted the inadequacy of civil remedies available to that court.

The United States Trustee's motion sought the withdrawal of the reference for this Court's consideration of additional sanctions, including criminal contempt,

against Shariann Summerrain for her continued violations of 11 U.S.C. § 110 and the Bankruptcy Court's 2007 injunction against Ms. Summerrain which, *inter alia*, prohibits her from acting as a bankruptcy petition preparer.[1]  The Bankruptcy Court's Report recommended the withdrawal of the reference for this purpose.

Following my withdrawal of the reference of this matter, on April 10, 2012, I held an initial status conference.[2]  Prior to entering any further orders in this case, on April 19, 2012, I received a letter from Ms. Summerrain refuting many of the Bankruptcy Court's allegations contained in the Report and Recommendation.  Accordingly, I set the June 11, 2012 status conference and ordered both a representative from the United States Trustee's Office and Ms. Summerrain to personally appear.  All parties appeared along with Ms. Summerrain's husband, Todd Brewer.

## II.    JUNE 11, 2012 STATUS CONFERENCE

For reasons stated on the record at the June 11, 2012 conference, I found that Ms. Summerrain owes the United States Bankruptcy Court $7750.00 in fines and penalties based on her violations of court orders from 2001-2011.  As a result, I ordered Ms. Summerrain to remit $100.00 on the tenth day of every month, commencing July 10, 2012, to:

> The Clerk of the United States Bankruptcy Court
> 721 19th Street
> Denver, CO 80202

---

[1] The course of conduct addressed by the Bankruptcy Court's Report and Recommendation spans a ten year period from 2001 to 2011.

[2] A representative from the United States Trustee's Office appeared at the April 10, 2012 conference, but Ms. Summerrain did not appear.  However, it is unclear whether Ms. Summerrain received notice of the April 10, 2012 status conference.

As part of my ruling, I further ordered that should Ms. Summerrain be unable to make a monthly payment, she shall file a pleading with the Court prior to the monthly deadline. I also noted that after a sufficient period of time elapses, should Ms. Summerrain make regular, timely payments to the Bankruptcy Court, I would entertain a motion for relief or modification from future payments. I prohibited Ms. Summerrain from preparing any bankruptcy petitions consistent with the Bankruptcy Court's prior orders. Finally, I ordered that any failure to comply with my orders set forth on the record at the June 11, 2012 conference would result in possible criminal contempt proceedings. (ECF No. 11).

III.     JUNE 28, 2013 STATUS CONFERENCE

In October, 2012, Ms. Summerrain filed her first letter requesting forbearance of the money she owed for November, 2012. On February 13, 2013, she filed her second letter requesting forbearance of the money she owed for February, 2013. (ECF No. 14). On March 8, 2013, Ms. Summerrain filed a third letter requesting that I waive the remainder of the sanctions imposed by the United States Bankruptcy Court for the District of Colorado for her violations of various provisions of 11 U.S.C. § 110 while acting as a bankruptcy petition preparer in Colorado. (ECF No. 15). Upon my order, the United States Trustee filed its response to Ms. Summerrain's letters. After my careful review of these filings, I held today's status conference, where the United States Trustee appeared in person and Ms. Summerrain appeared by telephone.

-4-

IV.     CONCLUSION

For the reasons stated on the record at the June 28, 2013 conference, I find that it would be inappropriate to "waive" the remaining sanctions owed by Ms. Summerrain.  However, taking Ms. Summerrain's purported financial situation into consideration, I will suspend Ms. Summerrain's obligation to pay the remaining sanctions, subject to the following conditions:

Accordingly, Ms. Summerrain is

ORDERED to submit all federal and state tax returns for 2012, with all attachments, to the United States Trustee's Office not later than **Monday, July 15, 2013.**  All correspondence shall be mailed to:

    U.S. Trustee's Office-Denver
    c/o Leo Weiss
    999 18th Street
    #1551
    North Tower
    Denver, CO 80202-2449

Ms. Summerrain is

FURTHER ORDERED to submit all federal and state tax returns for 2013, with all attachments, to the United States Trustee's Office not later than **April 30, 2014.**  Ms. Summerrain is

FURTHER ORDERED to submit all federal and state tax returns for 2014, with all attachments, to the United States Trustee's Office not later than **April 30, 2015.**  Ms. Summerrain is

FURTHER ORDERED to notify the United States Trustee's Office of any change of address not later than **twenty (20) days from the date of any relocation.**  Ms. Summerrain is

FURTHER ORDERED to supply the United States Trustee's Office with sufficient information as to household disposable income upon request.  Ms. Summerrain is

FURTHER ORDERED to resume payments to the United States Trustee's Office once her income increases to the point that she is able to resume payments.  It is

FURTHER ORDERED that on **December 31, 2015**, if Ms. Summerrain's household disposable income has not risen to a level where she can resume payments of the Bankruptcy Court's sanctions, Ms. Summerrain may renew her request for a waiver of the remaining sanctions by filing a request to reopen the case along with a proper motion by **January 31, 2016.**  It is

FURTHER ORDERED that since these conditions are in effect through early 2016, this case will be administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown.

Dated: June 28, 2013

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            Senior United States District Judge